IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

RODOLFO MARTINEZ OCEGUEDA
ARTURO MARTINEZ OCEGUEDA

INDICTMENT

3:24-cr-99/TKW

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

## INTRODUCTION

1. The Motor Vessel ("*M/V*") *Suhar* was a 7,602 gross ton ocean-going bulk carrier specifically designed to haul cement. The vessel was registered under the flag administration of Panama, owned by a company with its principal office in the Republic of Panama, chartered by a second company with its principal office in the Republic of Panama, and operated by a third company with its principal office in Tampico, Mexico. Between on or about April 22, 2021, and August 25, 2023, the vessel routinely transported cement from Tampico, Mexico, to Pensacola, Florida.

Returned in open court pursuant to Rule 6(f)

Date 10/15/24

United States Magistrate Judge

1

FILED USDC FLND PN
OCT 15 '24 PM4:40

2. Defendant **RODOLFO MARTINEZ OCEGUEDA**, was a citizen of Mexico, who served aboard the *M/V Suhar* as the vessel's Second Engineer. In this capacity, Defendant was an Engine Department officer who supervised engine room crew members.

3. Defendant **ARTURO MARTINEZ OCEGUEDA**, was a citizen of Mexico, who served aboard the *M/V Suhar* as the vessel's Third Engineer. In this capacity, Defendant was an Engine Department officer who supervised engine room crew members.

## LEGAL FRAMEWORK

4. The United States is part an international regime which regulates marine pollution, including the discharge of oil from vessels at sea, known as the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 ("MARPOL"). MARPOL was enacted into United States law by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901, *et. seq.* The regulations promulgated under APPS apply to vessels operating under the authority of a country other than the United States, while in the navigable waters of the United States or while at a port or terminal under the jurisdiction of the United States. 33 C.F.R. § 151.09(a)(5).

5. On large commercial vessels, bilge water accumulates in bilge wells, the bottommost part of the vessel. Bilge water, which consists of water from spills, leaks from piping and tanks, or from rain and waves, is typically contaminated with oil, oil residue, lubrication fluids, and other liquids that leak or drip from engines or pipes and hoses that run throughout the ship. Periodically this oily bilge water is pumped into the vessel's bilge holding tank. In order to maintain bilges at safe levels, bilge tanks and wells must be periodically emptied. This can be done in one of two ways: (1) bilge water can be discharged ashore to a waste reception facility; or (2) it may be pumped over the side of the vessel into the ocean after having been processed through an Oily Water Separator ("OWS"). Pursuant to MARPOL and APPS, bilge water may be discharged overboard into the ocean only if it contains 15 parts per million ("ppm") or less concentration of oil. The principal technology used to lower the oil content of oily bilge water is an OWS, which filters oil from water prior to discharge. An OWS includes an Oil Content Monitor which detects and prevents concentrations of oil in excess of 15 ppm from being discharged overboard.

6. Consistent with the requirements contained in MARPOL, regulations implementing APPS require that a ship of 400 gross tons and above other than an oil tanker, maintain a record known as an Oil Record Book

("ORB") in which each discharge overboard or other disposal of bilge water that has accumulated in the machinery spaces must be recorded. 33 C.F.R. § 151.25(a) and (d). The ORB also must include entries concerning any emergency, accidental, or other exceptional discharges. 33 C.F.R. § 151.25(g). Discharges must be fully recorded, without delay, in the ORB by the person in charge of the operation. 33 C.F.R. § 151.25(h). Each completed operation must be signed by the person in charge of the operation, and each completed page of the ORB must also be signed by the master or other person having charge of the vessel. *Id.* The master or other person in charge of the vessel is responsible for maintaining the ORB. 33 C.F.R. § 151.25(j). The ORB must be maintained onboard the vessel for not less than three years and be readily available for inspection at all reasonable times. MARPOL, Annex I, Regulation 17; 33 C.F.R. § 151.25(i).

7. APPS makes it a crime for any person to knowingly violate MARPOL, APPS, or any regulation promulgated under APPS. 33 U.S.C. § 1908(a).

8. The United States Coast Guard ("Coast Guard"), an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 522(a) to board

4

vessels and conduct inspections and investigations of potential violations of international and United States law including MARPOL and APPS. In conducting inspections, commonly known as Port State Control examinations, Coast Guard personnel rely upon the statements of the vessel's crew, and vessel documents such as the ORB.

## THE CHARGES

9. On or about August 25, 2023, personnel from the Coast Guard boarded the *M/V Suhar* to conduct an official Port State Control examination of the vessel. The purpose of this examination was in part to determine whether the vessel previously had discharged any oily bilge water in violation of MARPOL, APPS, or any applicable regulations, and whether all discharges were properly recorded in the vessel's ORB.

10. On or about August 26, 2023, personnel from the Coast Guard, as part of this official Port State Control examination, interviewed Defendants **RODOLFO MARTINEZ OCEGUEDA** and **ARTURO MARTINEZ OCEGUEDA**.

### COUNT ONE
### False Statement, 18 U.S.C. § 1001(a)(2)

11. Paragraphs 1 through 10 of the Indictment are specifically

incorporated and realleged herein.

12.  On or about August 26, 2023, while at a port under the jurisdiction of the United States, including a port within the Northern District of Florida, Defendant,

**RODOLFO MARTINEZ OCEGUEDA,**

in a matter within the jurisdiction of the Coast Guard, an agency within the Department of Homeland Security and within the executive branch of the Government of the United States, did knowingly and willfully make materially false, fictitious, and fraudulent misrepresentations. Specifically, Defendant: denied ever ordering the overboard discharge at sea of oily bilge water from the vessel's bilge holding tank; denied ever seeing on board the vessel a pumping system set up to discharge overboard at sea oily bilge water from the vessel's bilge holding tank; and denied ever hearing any discussions about overboard discharges at sea from the vessel's bilge holding tank.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO
### False Statement, 18 U.S.C. § 1001(a)(2)

13.  Paragraphs 1 through 10 of the Indictment are specifically incorporated and realleged herein.

14. On or about August 26, 2023, while at a port under the jurisdiction of the United States, including a port within the Northern District of Florida, Defendant,

**ARTURO MARTINEZ OCEGUEDA,**

in a matter within the jurisdiction of the Coast Guard, an agency within the Department of Homeland Security and within the executive branch of the Government of the United States, did knowingly and willfully make materially false, fictitious, and fraudulent misrepresentations. Specifically, Defendant: denied ever ordering the pumping of oily bilge water overboard at sea; denied ever seeing at-sea discharges of oily bilge water; denied ever hearing others discuss at-sea discharges of oily bilge water; and denied recognizing an image shown to him of the overboard discharge valve used by vessel crew to discharge oily bilge water overboard at sea.

In violation of Title 18, United States Code, Section 1001(a)(2).

### COUNT THREE
### Obstruction, 18 U.S.C. § 1505

15. Paragraphs 1 through 10 of the Indictment are specifically incorporated and realleged herein.

16. On or about August 26, 2023, while at a port under the jurisdiction of

the United States, including a port within the Northern District of Florida, Defendant,

**RODOLFO MARTINEZ OCEGUEDA,**

did corruptly influence, obstruct and impede the due and proper administration of the law under a pending proceeding by the Coast Guard, an agency within the Department of Homeland Security, through statements made to Coast Guard personnel in which Defendant: denied ever ordering the overboard discharge at sea of oily bilge water from the vessel's bilge holding tank; denied ever seeing on board the vessel a pumping system set up to discharge overboard at sea oily bilge water from the vessel's bilge holding tank; and denied ever hearing any discussions about overboard discharges at sea from the vessel's bilge holding tank.

In violation of Title 18, United States Code, Section 1505.

## COUNT FOUR
### Obstruction, 18 U.S.C. § 1505

17. Paragraphs 1 through 10 of the Indictment are specifically incorporated and realleged herein.

18. On or about August 26, 2023, while at a port under the jurisdiction of the United States, including a port within the Northern District of Florida, Defendant,

## ARTURO MARTINEZ OCEGUEDA,

did corruptly influence, obstruct and impede the due and proper administration of the law under a pending proceeding by the Coast Guard, an agency within the Department of Homeland Security, through statements made to Coast Guard personnel in which Defendant: denied ever ordering the pumping of oily bilge water overboard at sea; denied ever seeing at-sea discharges of oily bilge water; denied ever hearing others discuss at-sea discharges of oily bilge water; and denied recognizing an image shown to him of the overboard discharge valve used by vessel crew to discharge oily bilge water overboard at sea.

In violation of Title 18, United States Code, Section 1505.

A TRUE BILL:

[REDACTED]

FOREPERSON

10/15/24

DATE

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*[signature]*
JOEL LA BISSONNIERE
Trial Attorney
Environmental Crimes Section
United States Department of Justice